THE ILLINOIS MUTUAL INSURANCE COMPANY

V.

AUGUST METTE ET AL.

*Fire Insurance—Conditions—Fall of Part of Building—Forfeiture—Agency—Instructions.*

1. In an action on a policy of fire insurance, it is *held:* That the question whether the policy was revived or continued in force after a forfeiture, is unimportant, the defendant having failed to charge the defendant with notice of such facts as would prevent a forfeiture under the condition as to title; and that the broker who procured the insurance in question acted as the agent of the assured.

2. It is improper to submit an instruction touching a point upon which no evidence was introduced.

[Opinion filed September 19, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. MILLER, LEWIS & JUDSON, for appellants.

Mr. GEORGE F. WESTOVER, for appellees.

*Per Curiam.* By this appeal it is sought to reverse a judgment in favor of appellees in a suit on a policy of insurance. The property insured and the loss thereof by fire are the same which are involved in Security Insurance Company v. Mette et al., decided at this term. [*Ante,* p. 324.] The property

insured by the Illinois Mutual Insurance Company contained a clause exempting the insurer from liability, if the building, or *any part* thereof, should fall, except the fall be the result of fire.   In all other points material to this cause the policy was similar to that described in the opinion filed in the case above referred to, and the facts are substantially the same, except those concerning the continuance of the policy in force after the fall of part of the building.   On the trial the appellee made an effort to prove that the policy was revived or continued in force by the company after the fall of the south two fifths of the building.   But this attempt can have no influence on the result so long as there is a failure to charge the company with notice of such information as was given to Underwood concerning the title of appellees to the land on which the building stood.

In other respects than that of the condition as to the fall of the building, this case is controlled by the decision in the Security case.   It is shown by the opinion in that case there was no evidence tending to prove Underwood's agency for the company, and hence it was error to submit that question to the jury.

The judgment of the Circuit Court is reversed and remanded.

*Reversed and remanded.*